UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19cv23250

JURY TRIAL DEMANDED

YEINA ROA,

    Plaintiff,

v.

DOLLAR TREE STORES, INC,

    Defendant.
_____ /

**COMPLAINT**

1. Plaintiff, YEINA ROA, ("Plaintiff"), brings this action against Defendant, DOLLAR TREE STORES, INC, alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**PRELIMINARY STATEMENT**

3. The Plaintiff, brings this action against Defendant for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), the Family and Medical Leave Act, 29 U.S.C. Chapter 28 (as amended) ("FMLA"), and the Florida Civil Rights Act (FCRA), §§ 760.01 *et seq.*

4. At all times relevant, Plaintiff was employed by Defendant.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA and the FMLA. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and all Defendant reside in Florida, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(3), in that Defendant are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

7. PLAINTIFF is a citizen and resides in Florida.

8. PLAINTIFF at all relevant times was an employee, as defined by the ADA/FMLA and the relevant State Statutes referenced above.

9. DOLLAR TREE STORES, INC, is a Foreign Profit Company organized in Virginia. Defendant can be served by its registered agent CORPORATION SERVICE COMPANY 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525. Defendant was Plaintiff's employers as defined by the ADA/FMLA and relevant state Statutes.

## COUNT ONE
## FMLA Interference

10. Plaintiff repeats and realleges paragraphs 1 through 9, as if fully set forth herein.

11. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

12. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

13. At all relevant times Plaintiff was an employee of Defendant and was qualified.

14. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

15. Plaintiff gave Defendant proper notice of intent/need to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of the serious health condition regarding Plaintiff's relatives and need for leave.

16. Plaintiff began working for Defendant in 2014 and in her last position was a manager.

17. On or about January 2019, Plaintiff notified the store manager Rey Jimenez about the need for medical leave due to surgery.

18. Although Plaintiff submitted paperwork and properly requested medical leave, the store manager denied the use of medical leave.

19. Subsequently, Plaintiff learned about FMLA leave and again requested time off and even filed several complaints with management, for example with Lisa Kelly of HR and Scott Brown the regional manager.

20. On April 04, 2019, the District Manager, Carlos, visited Plaintiff at work regarding the absent days in January when she originally requested medical leave. Again, Plaintiff explained that she had requested medical leave and that Rey Jimenez wrongfully denied FMLA use. At which time, Rey Jimenez attempted to force Plaintiff to sign a "voluntary" statement in regard to the days missed.

21. Plaintiff refused to sign the documents and explained that she properly requested FMLA and even submitted doctors' notes.

22. Plaintiff was terminated by Defendant on April 12, 2019.

23. Tellingly, Plaintiff was terminated only months after informing Defendant of the need of FMLA and only days after engaging in protected activity by informing Defendants management that they had wrongfully denied FMLA.

24. Defendant interfered, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

25. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

26. Defendant interference, restraint, intimidation and deterrence were adverse employment action as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of

Plaintiff's request for FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

27. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

28. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

29. Defendant, acting by and through its employees, maintained policies in violation of the FMLA for interference, restraint and deterrence of FMLA rights as they do not enforce their own policies regarding the FMLA but instead terminated Plaintiff after being placed on notice of the need for medical leave under the FMLA.

30. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing. Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

31. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

32. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

33. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages.

34. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

35. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

36. Plaintiff hereby requests a jury trial.

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief: Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant' violations alleged in this Complaint; Pre-judgment interest at the highest legal rate; Post-judgment interest at the highest legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages; Damages for mental pain and mental anguish; Exemplary damages; Attorney's fees; All costs of court expended herein; Actual monetary losses sustained by Plaintiff as a direct result of the violation, such as the cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary; and such

other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

38. Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying FMLA requests to employees with disabilities and FMLA.

## COUNT TWO
## FMLA Retaliation

39. Plaintiff repeats and realleges paragraphs 1 through 9, as if fully set forth herein.

40. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

41. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

42. At all relevant times Plaintiff was an employee of Defendant and was qualified.

43. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

44. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave.

As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

45. Plaintiff began working for Defendant in 2014 and in her last position was a manager.

46. On or about January 2019, Plaintiff notified the store manager Rey Jimenez about the need for medical leave due to surgery.

47. Although Plaintiff submitted paperwork and properly requested medical leave, the store manager denied the use of medical leave.

48. Subsequently, Plaintiff learned about FMLA leave and again requested time off and even filed several complaints with management, for example with Lisa Kelly of HR and Scott Brown the regional manager.

49. On April 04, 2019, the District Manager, Carlos, visited Plaintiff at work regarding the absent days in January when she originally requested medical leave. Again, Plaintiff explained that she had requested medical leave and that Rey Jimenez wrongfully denied FMLA use.  At which time, Rey Jimenez attempted to force Plaintiff to sign a "voluntary" statement in regard to the days missed.

50. Plaintiff refused to sign the documents and explained that she properly requested FMLA and even submitted doctors' notes.

51. Plaintiff was terminated by Defendant on April 12, 2019.

52. Tellingly, Plaintiff was terminated only months after informing Defendant of the need of FMLA and only days after engaging in protected activity by informing Defendants management that they had wrongfully denied FMLA.

53. Defendant retaliated, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

54. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

55. Defendant retaliation, restraint, intimidation and deterrence were adverse employment action as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of Plaintiff's request for FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

56. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

57. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

58. Defendant, acting by and through its employees, maintained policies in violation of the FMLA for interference, restraint and deterrence of FMLA rights as they do not enforce their own policies regarding the FMLA but instead terminated Plaintiff after being placed on notice of the need for medical leave under the FMLA.

59. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other

compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing. Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

60. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

61. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

62. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages.

63. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

64. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

65. Plaintiff hereby requests a jury trial.

66. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the damage to Plaintiff caused by

Defendant' violations alleged in this Complaint; Pre-judgment interest at the highest legal rate; Post-judgment interest at the highest legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages; Damages for mental pain and mental anguish; Exemplary damages; Attorney's fees; All costs of court expended herein; Actual monetary losses sustained by Plaintiff as a direct result of the violation, such as the cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary; and such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

67. Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA, in violation of the foregoing statutes against Plaintiff as the maintain a pattern of harassing, terminating and denying FMLA requests to employees with disabilities and FMLA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: August 5, 2019  
Miami, Florida

Respectfully submitted,  
AN Law Firm, P.A.  
/s/ Alberto Naranjo  
Phone: 305-942-8070  
Fax: 305-328-3884  
Email: AN@ANLawFirm.com  
7900 Oak Lane #400 AN Law  
Miami Lakes, FL 33016  
***ATTORNEY FOR PLAINTIFF***